IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DR. RICHARD E. MATLAND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **LOYOLA UNIVERSITY OF CHICAGO,** | ) No. 12 C 5165 |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard E. Matland has sued his employer, defendant Loyola University Chicago, for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (Counts I – II), and for claims alleging promissory estoppel (Count III) and fraudulent misrepresentations (Count IV). Defendant has moved to dismiss Counts III and IV of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons state below, I grant defendant's motion.

I.

Plaintiff was a tenured professor at the University of Houston in Houston, Texas, when he was actively recruited by defendant. In January 2006, he accepted defendant's offer of an appointment as the Rigali Professor ("Rigali Chair"). At the

time the offer was made, defendant's agent orally represented to plaintiff that the Rigali Chair "was to be permanent in nature" subject to a "retention review." (Compl., at ¶ 39). Ultimately, defendant sent a written offer of employment dated February 16, 2006, which plaintiff countersigned on that same day.

The resulting employment contract explains that plaintiff's appointment to the Rigali Chair was for a five-year renewable term, beginning with the 2006-2007 academic year and continuing through 2010-2011. The contract details the standards by which defendant would decide whether it was going to renew plaintiff's appointment to the Chair. Specifically, the contract states that

> [c]riteria to determine possible reappointment as the Rigali Professor may include a sustained record of excellence in research and teaching, continued recognition for a record of excellence in research and teaching, continued recognition for a record of excellence in research and scholarship internal and external to the University, and an ongoing contribution to your field of learning and to the University. The appointment carries the academic rank of Professor and includes, subject to the approval of faculty committees, tenure.

Additionally, the employment contract explains that should plaintiff's appointment to the Rigali Chair come to an end, he

2

could remain on the faculty and assume full-time teaching and research responsibilities.

After beginning to work for defendant as the Rigali Chair, plaintiff began to experience health problems and was diagnosed with interstitial lung disease in 2007. Plaintiff underwent extensive medical treatments, and these treatments continued through subsequent years. In May 2010, defendant informed plaintiff that his review for renewal of the Rigali Chair would take place in the fall of 2010. Plaintiff submitted the required materials in June 2010. During the review process, four nationally recognized scholars at top universities evaluated plaintiff's materials and wrote letters in support of his reappointment to the Rigali Chair. Still, at the close of the review defendant advised plaintiff that his appointment to the Rigali Chair would not be renewed.

Plaintiff appealed the decision utilizing defendant's internal procedures. Initially, plaintiff's appeal was rejected, but subsequently, the relevant committee concluded that the review process had failed to adequately account for plaintiff's health and medical condition. The committee recommended that the review process be redone. Despite this decision, defendant's president, Michael Garanzini, overturned the committee's decision and again advised plaintiff that he was not to be retained as the Rigali Chair. Plaintiff continues to be employed by defendant.

3

II.

A motion to dismiss tests the sufficiency of the claims, not their merit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). I must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in plaintiff's favour. *McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006). Dismissal is warranted only if the factual material in the complaint fails plausibly to suggest that defendant is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As a general rule, I may consider only the pleadings at the motion to dismiss stage. *Rosenblum v. Travelbybus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Defendant has attached the employment contract (i.e. the executed offer letter) to its motion to dismiss, though plaintiff did not attach it to his complaint. For purposes of a 12(b)(6) motion, a document attached to the defendant's motion to dismiss is considered part of the pleadings only if it is "referred to in the plaintiff's complaint and [is] central to her claim." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Plaintiff refers to the offer in his complaint and even alleges that in accepting the offer there was a binding contract between the parties. (Compl., at ¶ 40). While plaintiff does

4

not assert a breach of contract claim, the employment contract is at the core of the parties' relationship and is central to plaintiff's claims for promissory estoppel and fraudulent inducement. *See Midway Home Entm't, Inc. v. Atwood Richards, Inc.*, 1998 WL 774123, at *1 (N.D. Ill. 1998) (concluding that contract not attached to the complaint but submitted by the defendant with a motion to dismiss was "central to plaintiffs' claims that they were fraudulent misrepresented and induced into entering into this contract"). I also note that plaintiff does not dispute that the employment contract attached to defendant's motion is the document that governs the parties' contractual relationship. As a result of the foregoing, the employment contract is considered to be part of the pleadings and I may consider it in deciding defendant's motion to dismiss. Moreover, to the extent that the terms of the employment contract conflict with the allegations in the complaint, the employment contract prevails. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

III.

A. Promissory Estoppel

Promissory estoppel provides a cause of action "where a promise has been made which was relied upon by the promisee to his detriment in such a manner as to make it a fraud or injustice

not to enforce the promise." *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 526 (Ill. 2009) (quoting R. Brazener, Annotation, *Promissory Estoppel as Basis for Avoidance of Statute of Frauds*, 56 A.L.R.3d 1037, 1042 (1974)). To state a claim for promissory estoppel, plaintiff must allege that "(1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendant[], and (4) plaintiff relied on the promise to [his] detriment." *Id.*, at 523-24 (citing *Quake Constr., Inc. v. Am. Airlines*, 565 N.E.2d 990, 1004 (Ill. 1990)). "A plaintiff's reliance must be reasonable and justifiable." *Ross v. May Co.*, 880 N.E.2d 210, 217 (Ill. App. Ct. 2007) (citing *Quake Constr.*, 565 N.E.2d at 1004).

The gravamen of defendant's argument is that plaintiff's promissory estoppel claim must be dismissed because the employment contract addresses the same subject matter as the alleged promise. In response, plaintiff contends that defendant misconstrues Illinois law on promissory estoppel. But by insisting that defendant is arguing that a claim for promissory estoppel is unavailable "if a defendant can point to any document that is arguably a contract that contains any language at all that nears the promise at issue" (Pl.'s Memo. in Opp., at 2), plaintiff overstates defendant's argument and fails to adequately address the central issue. Defendant is not arguing that *any*

6

agreement would necessarily require dismissal of plaintiff's promissory estoppel claim. Instead, defendant is arguing that the employment contract governs the length and renewal terms of plaintiff's appointment to the Regali Chair. The terms of the written contract—which specify that the Chair is given for a five-year term, detail the requirements for renewal, and provide for a contingency plan should the Chair not be renewed—govern the relationship and contradict the alleged oral promise that the Chair position would be "permanent in nature and would entail merely a 'retention review'". (Compl., at ¶ 40).

Courts have routinely held that a plaintiff cannot maintain a claim for promissory estoppel where a written contract governs the relationship between the parties. "Promissory estoppel is meant for cases in which a promise, not being supported by consideration, would be unenforceable under conventional principles of contract law. When there is an express contract governing the relationship out of which the promise emerged, and no issue of consideration, there is no gap in the remedial system for promissory estoppel to fill." *All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869 (7th Cir. 1999) (citations omitted); *see also Prentice v. UDC Advisory Services, Inc.*, 648 N.E.2d 146, 150-51 ("[O]nce it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract between the parties and therefore

consideration exists, then a party may no longer recover under the theory of promissory estoppel."). In other words, "once consideration is found to exist, a party to the contract can no longer maintain an action for promissory estoppel where the performance which is said to satisfy the requirement of detrimental reliance is the same performance which supplies the consideration for the contract." *Prentice*, 648 N.E.2d at 151.

Here, plaintiff admits that there exists an enforceable contract between the parties. There is also no issue of consideration. Plaintiff alleges that he resigned from his then-current position both as consideration for the employment contract and in detrimental reliance on the alleged oral promise. (Compl., at ¶ 41-42). Plaintiff pleads himself out of court by alleging that his performance under the written contract is the same performance that would, in the absence of the contract, satisfy the requirement of detrimental reliance. He therefore cannot maintain his claim for promissory estoppel.

The cases cited by plaintiff do not dictate a different outcome. In *Janda v. U.S. Cellular Corp.*, 961 N.E.2d 425 (Ill. App. Ct. 2011), the plaintiff's relationship with the defendant employer was governed by an employment agreement. During the course of his employment, the plaintiff and other employees were asked to take part in a focus group meeting concerning certain members of management. The participants were told that

everything they said during the focus group would remain confidential and that there would be no retaliation for any comments made during the meeting. In reliance on those representations, the participants, including the plaintiff, spoke candidly. However, after the meeting, the plaintiff and others who had spoken candidly were terminated, transferred, or left the company. The court in *Janda* reiterated the holding of *Prentice*, quoted above, but found that the plaintiff's promissory estoppel claim based on the defendant's promise to keep the contents of the meeting confidential was not barred by the existence of the employment agreement. "[T]he performance giving rise to plaintiff's detrimental reliance in his promissory estoppel claim is not the same performance that supplied the consideration for the contract." *Janda*, 961 N.E.2d at 444. Whereas the plaintiff's performance satisfying the requirement of detrimental reliance was his candid participation in the focus group, his performance supplying consideration for the employment agreement was merely the plaintiff's promise to work for the defendant. *Id.* The fact that there were two distinct promises requiring separate consideration for each in *Janda* distinguishes that case from the case here.

*Johnson v. George J. Ball, Inc.*, 617 N.E.2d 1355 (Ill. App. Ct. 1993) is similarly distinguishable. In that case there was no written employment contract, only the defendant's oral

9

promises regarding the plaintiff's employment. There, the only question before the court was whether there was sufficient consideration to warrant enforcing the oral promises. As for the two federal cases cited in *Johnson* and referred to by plaintiff, *Buian v. J.L. Jacobs & Co.*, 428 F.2d 531 (7th Cir. 1970) and *Payne v. AHFI/Netherlands, B.V.*, 522 F.Supp. 18 (N.D. Ill. 1980), those cases raise the question of when a plaintiff may have a breach of contract claim where an employment assignment has been terminated prior to the scheduled completion date. Here, by contrast, defendant did not terminate plaintiff's Regali Chair position early but instead refused to renew it after the five-year term had ended. Further, neither *Johnson*, *Buian*, or *Payne* involved any claims for promissory estoppel.

For these reasons, Count III of plaintiff's complaint is dismissed with prejudice.


B. Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation, plaintiff must allege "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induced the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584,

10

591 (Ill. 1996) (citations omitted).  Plaintiff's "reliance upon the misrepresentation must have been justified. . . . That is, [plaintiff] must have had a right to rely upon the statement." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (citing *Charles Hester Enters., Inc. V. Ill. Founders Ins. Co.*, 499 N.E.2d 1319, 1323 (Ill. 1986)). Reliance is generally a question of fact but may be determined on a motion to dismiss as a matter of law "when no trier of fact could find that it was reasonable to rely on the alleged statements or when only one conclusion can be drawn." *Id.* (citing *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 692 N.E.2d 812, 819 (Ill. App. Ct. 1998)).  In cases such as this, where a written contract governs the parties' relationship, "[a]s long as the complaining party could have discovered the fraud by reading the contract and had the opportunity to do so, Illinois courts have refused to extend the doctrine of fraudulent inducement."  *Id.* at 574-75 (citations omitted).

Defendant raises three arguments in support of its motion to dismiss Count IV of plaintiff's complaint, only one of which I will discuss here.  In relevant part, defendant argues that plaintiff's fraudulent misrepresentation claim fails because plaintiff has not, and cannot, allege reasonable reliance.  According to defendant, the terms of the contract contradict the

11

oral promises alleged in the complaint. Because the contract contradicts the alleged oral promises, defendant argues, plaintiff's alleged reliance on oral statements of defendant's agent was unreasonable as a matter of law. In response, plaintiff first argues that he has pleaded that he was in fact misled by the statements. But this is not enough, as the test is whether as a matter of law it was reasonable to rely on the misrepresentations. While not disputing that he had an opportunity to read the contract before accepting defendant's offer of employment, plaintiff also argues that he could not have discovered the fraud even by reading the contract.

Where an alleged misrepresentation is directly contradicted by the terms of a contract and the plaintiff could have discovered the fraud, reliance on the misrepresentation is unreasonable as a matter of law. *Cozzi*, 250 F.3d at 575; *see also Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1208 (7th Cir. 1998) ("[T]he [plaintiffs] cannot establish that they reasonably relied on the pre-contract promises when the contractual language was so explicitly to the contrary."). The alleged oral promise of a permanent appointment to the Rigali Chair is contradicted by the plain language of the contract which specifies that the "appointment is for a five year renewable term (with annual review), beginning with Academic Year 2006-07 and continuing through 2010-2011." (Contract, Def.'s Ex. B). And

while plaintiff insists that "retention review" is a term of art in the academic setting, he does not even attempt to argue that what was promised to him orally is not contradicted by the criteria for renewal of the Rigali Chair described in the first paragraph of the contract. In addition, the terms describing the contingency of plaintiff losing the Rigali Chair should have served as further notice that reappointment was not guaranteed.

In other words, plaintiff's contention that the contract is nothing more than a vague, standard academic offer letter is unavailing. That the employment contract refers to other documents does not affect the fact that the contract itself clearly describes the terms of the Rigali Chair appointment. As described above, the two page contract contains terms that contradict both of the alleged misrepresentations. At bottom, plaintiff appears to be arguing that while he was led to believe that defendant would rubber stamp his reappointment to the Rigali Chair, he was in fact subjected to a review of the type described in the contract. Plaintiff cannot sustain a claim for fraudulent misrepresentation under these circumstances.[1]

---

[1] I note briefly that, again, the cases cited by plaintiff do not help him. *Johnson* does not touch upon the issue of reasonable reliance, and, in any case, there was no written employment contract governing the parties' relationship. Similarly, *Grundy Cnty. Nat'l Bank v. Westfall*, 301 N.E.2d 28 (Ill. App. Ct. 1973) does not discuss reasonable reliance; nor does that case involve a claim for fraud. Finally, *Janda* is also distinguishable in that there was no fraud claim at issue in that case, and to the extent that the court there analyzed aspects of the plaintiff's promissory estoppel claim by analogizing to the

IV.

For the foregoing reasons, Counts III and IV of plaintiff's complaint are dismissed with prejudice.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**

United States District Judge

Dated: November 27, 2012

---

reasonable reliance requirement of a fraud claim, *Janda* is inapposite for the reasons discussed above.